IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Case No. 05-165-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| MATTHEW KEITH BLAIR, | ) | |
| | ) | |
| Defendant. | ) | |

KING, Judge:

Before the court is a motion styled "Independent Motion Challenging Federal Legislative, Territorial, or Admiralty Jurisdiction in Over the Locus Quo 'A Constitutional Requirement' Defendant did not Waive Jurisdiction in his Plea Affidavit of Truth" (#19) filed by defendant Matthew Keith Blair.

Page 1 - OPINION AND ORDER

**PROCEDURAL BACKGROUND**

On July 25, 2005, defendant pled guilty to one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), as charged in the Indictment.

On October 3, 2005, the court sentenced defendant to 33 months incarceration, followed by a three-year term of supervised release. Such sentence was calculated using a Criminal History Category of II and a Total Offense Level of 17.

Judgment was entered on October 3, 2005. Defendant did not appeal his sentence and has not previously filed a motion attacking his sentence pursuant to 28 U.S.C. § 2255.

On April 4, 2006, defendant filed a motion styled "Independent Motion Challenging Federal Legislative, Territorial, or Admiralty Jurisdiction in Over the Locus Quo 'A Constitutional Requirement' Defendant did not Waive Jurisdiction in his Plea Affidavit of Truth." The motion is extremely difficult to understand, but it appears defendant claims the court did not have jurisdiction to accept his plea of guilty and to sentence him.

**DISCUSSION**

Given the nature of defendant's arguments, and the relief he seeks, his motion is properly characterized as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. However, in light of the Supreme Court's decision in Castro v. United States, 540 U.S. 375, 382 (2003), and the Ninth Circuit's holding in United States v. Seesing, 234 F.3d 456, 464 (9th Cir. 2001), the court is not at liberty to make such a recharacterization at this time because this would be defendant's initial Section 2255 motion. Instead, according to Castro:

> [T]he district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide

the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

Castro, 540 U.S. at 383.[1]

## CONCLUSION

In accordance with the foregoing, defendant shall notify the court within 30 days whether he: (1) withdraws his motion;  (2) consents to the recharacterization of the motion, as filed, as a Section 2255 motion; or (3) consents to the recharacterization of the motion as a Section 2255 motion and seeks to amend it to include other Section 2255 claims.  If defendant fails to respond timely to this order, the court will recharacterize the motion styled "Independent Motion Challenging Federal Legislative, Territorial, or Admiralty Jurisdiction in Over the Locus Quo 'A Constitutional Requirement' Defendant did not Waive Jurisdiction in his Plea Affidavit of Truth" (#19) filed by defendant Matthew Keith Blair as a Section 2255 motion.

IT IS SO ORDERED.

Dated this    5th    day of April, 2006.

    /s/ Garr M. King
Garr M. King
United States District Judge

---

[1] A defendant faces additional hurdles when he seeks to file a second or successive Section 2255 motion, such as the prerequisite of obtaining certification from the court of appeals.  See 28 U.S.C. § 2255; see also Seesing, 234 F.3d at 463 (noting that, pursuant to 28 U.S.C. § 2255, second or  successive motions may be certified only if based on "newly discovered evidence" or "a new rule of constitutional law . . . that was previously unavailable").

Page 3 - OPINION AND ORDER