IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Case No. 05-165-KI |
| ) | |
| vs. ) | OPINION AND ORDER |
| ) | |
| MATTHEW KEITH BLAIR, ) | |
| ) | |
| Defendant. ) | |

KING, Judge:

Before the court is the motion, under 28 U.S.C. § 2255, for the review and reconsideration of sentence (#23) filed by defendant Matthew Keith Blair. For the reasons set forth below, I deny the motion.

**PROCEDURAL BACKGROUND**

On July 25, 2005, defendant pled guilty to one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), as charged in the Indictment.

Page 1 - OPINION AND ORDER

On October 3, 2005, the court sentenced defendant to 33 months incarceration, followed by a three-year term of supervised release. Such sentence was calculated using a Criminal History Category of II and a Total Offense Level of 17. Judgment was entered on October 3, 2005.

On April 4, 2006, defendant filed a motion styled "Independent Motion Challenging Federal Legislative, Territorial, or Admiralty Jurisdiction in Over the Locus Quo 'A Constitutional Requirement' Defendant did not Waive Jurisdiction in his Plea Affidavit of Truth." Noting that the motion requested the kind of relief available under Section 2255, the Court directed defendant to notify the Court within 30 days whether he would (1) withdraw his motion; (2) consent to the recharacterization of the motion, as filed, as a Section 2255 motion; or (3) consent to recharacterization of the motion as a Section 2255 motion and seeks to amend it to include other Section 2255 claims. Subsequent to issuing this Order, defendant filed a Section 2255 motion, which this Court interpreted to mean that the defendant did not wish his initial motion to be recharacterized, and it was dismissed. However, complicating matters, defendant filed a Notice of Appeal around this time, and the Court stayed further briefing on the Section 2255 motion until after resolution of the appeal.

The Ninth Circuit Court of Appeals recently dismissed defendant's appeal as untimely.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998). Mere conclusory statements in a Section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981).

## DISCUSSION

There is no need for an evidentiary hearing to decide this motion since the defendant waived his right to petition the court pursuant to 28 U.S.C. § 2255.

The Ninth Circuit "regularly enforces 'knowing and voluntary' waivers of appellate rights in criminal cases, provided that the waivers are part of negotiated guilty pleas, and do not violate public policy." United States v. Anglin, 215 F.3d 1064, 1066 (9th Cir. 2000) (citations omitted). The test of the validity of a waiver is whether it was made knowingly and voluntarily, determined by the "circumstances surrounding the signing and entry of the plea agreement." Id. at 1066-68.

The defendant's agreement to enter his plea of guilty contained the following paragraph:

> 11. Waiver of Appeal/Post Conviction Relief: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds unless (1) the sentence imposed exceeds the statutory maximum or (2) the court arrives at an advisory sentencing guideline range by

applying an upward departure under the provisions of Guidelines Chapter 5K or (3) the court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range or (4) the court does not sentence defendant within the applicable guideline range as contemplated by this agreement (TOL of 17). Should defendant seek an appeal, despite this waiver of that right, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

The defendant presents no facts from which I can find that his waiver was uninformed or otherwise defective. He does not take issue with his counsel's assistance, and the circumstances mentioned in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2) are not applicable. The defendant clearly and unambiguously waived the right to appeal his conviction and sentencing as outlined in the plea agreement. The court has no jurisdiction to consider what amounts to an appeal of defendant's sentence given that defendant waived such right of appeal.

## CONCLUSION

The motion, under 28 U.S.C. § 2255, to vacate, set aside or correct his sentence (#23) filed by defendant Matthew Keith Blair is DENIED.

IT IS SO ORDERED.

Dated this ___28th___ day of September, 2006.

                                                                /s/ Garr M. King
                                                               Garr M. King
                                                               United States District Judge